UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEATHEN PESHEK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LITTON LOAN SERVICING, et al., )<br>)<br>Defendants. )<br>) | Case No.: 2:10-cv-00812-GMN-RJJ<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 40) filed by Defendants Litton Loan Servicing, LP ("Litton Loan") and Bank of America, N.A. ("Bank of America") (collectively, "Moving Defendants"). Also before the Court is Moving Defendants' Motion to Reconsider Order on Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and Renewed Motion for Summary Judgment on the Remaining Fraud Claim against Defendant Litton Loan (ECF No. 35, 36).

**I.    BACKGROUND**

On September 26, 2011, the Court granted Defendant Bank of America's Motion to Dismiss (ECF No. 13), but gave Plaintiff leave to amend the complaint except the Breach of Contract claim, which was dismissed without leave to amend. (Order, ECF No. 34.) The Court also granted in part the joint Motion to Dismiss filed by Moving Defendants (ECF No. 14), denying only Plaintiff's fraud claim against Defendant Litton Loan Servicing. (*Id.*)

The next day, Moving Defendants filed their Motion to Reconsider Order on Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and the Renewed Motion for Summary Judgment on the Remaining Fraud Claim, which was filed twice in the docket. (ECF Nos. 35, 36.)

On October 18, 2011, Plaintiff filed his Second Amended Complaint (ECF No. 39) and Moving Defendants subsequently filed their Motion to Dismiss (ECF No. 40).

Moving Defendants have also filed two Notices of Non-Opposition to their pending motions. (ECF Nos. 42, 43.)  Plaintiff has not filed any Response to either of the motions.

## II.    LEGAL STANDARD

### A.    Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part

of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.   DISCUSSION

Moving Defendants filed their Motion to Reconsider and their renewed Motion for Summary Judgment because the Court's Order stated that their original Motion for Summary Judgment would be denied without prejudice because discovery was not concluded. Defendants correctly point out that by the time the Order was filed, discovery had concluded. However, this does not alter the fact that by the time the motions were briefed, discovery had not concluded. Therefore, the Court finds that no good cause exists for reconsideration of the

Order, and will deny the Motion to Reconsider. The Court will, however, grant Defendants' Motion for Summary Judgment, as discussed below. Also, and as discussed below, the Court will grant the Motion to Dismiss.

### A.   Summary Judgment

Moving Defendants request summary judgment in their favor on Plaintiff's fraud claim against Defendant Litton Loan, for which the Court previously denied a motion to dismiss.

The elements necessary to establish a claim of fraud are: (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that its representation was false; (3) the defendant's intent to induce the plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

Discovery has now closed, and Plaintiff has submitted no evidence to the Court to establish a genuine dispute of material facts in his favor. Plaintiff has not even responded to the motion. In the Complaint, Plaintiff claimed that a representative of Litton Loan, Debra Gomez, told Plaintiff that the date of the trustee's sale would be postponed if he sent certain documents. Plaintiff sent some of those documents, but the date was not postponed, and his home was sold on January 26, 2010. Plaintiff claimed that he suffered damages in that he did not get the benefit of the extra time before sale.

The Court can find that a reasonable jury might find in favor of Plaintiff on three of the four required elements to establish fraud, but cannot find that there is enough evidence that a reasonable jury could find that Gomez or Litton Loan knew that its representation was false. There is simply no basis on which such an inference could be drawn. Since discovery is now closed, and Plaintiff has not indicated to the Court that any other evidence in support of this claim is forthcoming, the Court must find in favor of Moving Defendants and grant the Motion for Summary Judgment on Plaintiff's fraud claim.

### B.     Rule 12(b)(6)

In the Court's previous Order, the Motion to Dismiss was granted with leave to amend only as to Plaintiff's claims for: (1) Breach of Written Contract (Loan Modification Agreement); (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Statutory Violations (Wrongful Foreclosure); and (4) Unjust Enrichment.  Moving Defendants' Motion to Dismiss the Second Amended Complaint points out that Plaintiff has not remedied the deficiencies identified by the Court in its previous Order.  Furthermore, Plaintiff has failed to file any response to the motion.  Accordingly, and as discussed below, the motion will be granted, and Plaintiff's Second Amended Complaint will be dismissed, without further leave to amend.

**1.     Breach of Contract Against Litton Loan Servicing (Loan Modification Agreement) and Breach of Implied Covenant of Good Faith and Fair Dealing**

In its Order, the Court explained that no claim for breach of contract or breach of implied covenant of good faith and fair dealing could be supported where there was no evidence of a valid contract.  The basis for Plaintiff's claims is the "Workout Plan" offered by Defendant Litton Loan.  However, as Moving Defendants argued, and the Court agreed, there is no evidence that this was a binding contract, and there is evidence that it was explicitly disclaimed as a binding contract.  In his Second Amended Complaint, Plaintiff has alleged no facts to support an inference that the Workout Plan was a valid contract or that any other valid contract existed.  Therefore, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to these two claims.  Accordingly, these claims will be dismissed.

**2.     Statutory Violations (Notice of Foreclosure and Foreclosure Sale)**

In its Order, the Court explained that Plaintiff's claims of statutory violations were unsupported by any evidence.  For example, Plaintiff claimed that no auction had taken place, but offered no basis on which this allegation was founded.  The Court granted Plaintiff leave to

amend this claim, if he could allege any facts supporting an inference of statutory violations. In his Second Amended Complaint, Plaintiff did not add any such facts. Accordingly, the claim must be dismissed.

### 3. Unjust Enrichment

In its Order, the Court explained that Plaintiff's claims of unjust enrichment could not be supported where a deed of trust and mortgage note already governs the relationship of the parties. *See, e.g.*, *Laughlin v. MidCountry Bank*, No. 3:10-cv-00294-LRH-VPC, 2011 WL 2174972, at *4 (D. Nev. June 3, 2011). The Court also recognized that Plaintiff's claims of unjust enrichment relating to Defendant Litton Loan's acceptance of payments and Defendant Bank of America's payments to Defendant Litton Loan failed to allege facts sufficient to support the heightened pleading standards of Rule 9(b). In his Second Amended Complaint, Plaintiff has also failed to allege such facts. Accordingly, the claim must be dismissed.

Because the Court finds that Plaintiff failed to state a claim on which relief can be granted, the Court also finds that Plaintiff's requests for declaratory relief must be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 40) is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Reconsider Order on Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and Renewed Motion for Summary Judgment on the Remaining Fraud Claim against Defendant Litton Loan (ECF Nos. 35, 36) is **DENIED** as to the Motion to Reconsider, and **GRANTED** as to the Motion for Summary Judgment. The Clerk shall enter judgment accordingly.

**DATED** this 25th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge